| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-160-1 |
| | ) | (VARLAN/GUYTON) |
| SANDRA KINCAID, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on Defendant Sandra Kincaid's Objection to Magistrate Judge's Memorandum and Order Denying All Nondispositive Pretrial Motions [Doc. 138]. The government filed a response in opposition [Doc. 141]. No reply was filed, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained herein, the Court will affirm the rulings of the magistrate judge.

**I.   Background**

Defendant Sandra Kincaid ("Ms. Kincaid") is charged, along with three other named codefendants, in Count One of the Superseding Indictment [Doc. 77] with conspiring to distribute and possess with intent to distribute controlled substances unlawfully, in the Eastern District of Tennessee, beginning in or about May 2009 and continuing through on or about December 14, 2010. More specifically, the superseding indictment alleges that Ms. Kincaid was the "primary operator" of Breakthrough Pain Clinic, where she personally examined patients and issued prescriptions for controlled

substances, despite not being a licensed medical practitioner under federal or state law [Doc. 77 ¶¶ 12, 14]. The superseding indictment also alleges that Ms. Kincaid and Wendi Henry, her daughter, maintained possession and control over Breakthrough Pain Clinic's files and regularly took them home to prevent the discovery of the fraudulent medical records contained in these files [*Id.* ¶ 18]. Furthermore, Count Four alleges that Ms. Kincaid, along with her husband, Randy Kincaid, possessed Schedule II controlled substances with the intent to distribute them on December 14, 2010 [*Id.* ¶ 26]. Finally, as is pertinent to Ms. Kincaid, both she and Randy Kincaid are also charged in Count Six with conspiring to commit money laundering, beginning in or about May 2009 and continuing through on or about December 14, 2010 [*Id.* ¶ 29]. The trial of this matter is set to begin on October 15, 2013.

Ms. Kincaid filed motions asking the Court to order the government to (1) provide a bill of particulars, (2) participate in an *Enright* hearing prior to trial, and (3) produce witness and exhibit lists before trial [Docs. 54, 56, 57]. Some of the other defendants adopted this motion or filed similar motions of their own, and the government responded in opposition [Docs. 69-71]. On August 2, 2013, Magistrate Judge Guyton issued a memorandum and order denying the defendants' motions for a bill of particulars, an *Enright* hearing, and the production of the government's witness and exhibit lists [Doc. 136]. Defendant Sandra Kincaid filed an objection to this memorandum and order on

August 16, 2012 [Doc. 138], and the government responded in opposition [Doc. 141].[1] Ms. Kincaid has not replied, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

## II. Standard of Review for Appeal

Section 636(b)(1)(A) of Title 28 of the United States Code allows district judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). In this case, Magistrate Judge Guyton heard and determined the defendants' pretrial motions in accordance with this Court's Standing Order 13-02. A district judge may reconsider any pretrial matter determined under "subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Analysis

### A. Motion for a Bill of Particulars

Regarding Magistrate Judge Guyton's denial of Ms. Kincaid's motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Ms. Kincaid objects and refers the Court to her supporting memorandum for that motion, in which she argues that such a bill is warranted based on the complexity of this case—namely, its twenty-five count indictment, the numerous pain clinic patients potentially at issue, and

---

[1] Though the other defendants made motions and adopted some of Ms. Kincaid's motions that were addressed in Magistrate Judge Guyton's memorandum and order, Ms. Kincaid was the only defendant to object to that memorandum and order, and therefore this memorandum and order concerns only Ms. Kincaid and her objections.

the voluminous amount of documents produced by the government during discovery and possessed by the Kincaids. Specifically, Ms. Kincaid asks for a bill of particulars as to the overt acts alleged to have been in furtherance of the conspiracy, the identities of any unindicted co-conspirators, the dates, times, and locations of all drug transactions, the types and amounts of all controlled substances allegedly dispensed, the amounts and sources of all money allegedly the fruit of illegal activity, and the names and addresses of the patients, informants, and witnesses possessing information relating to the allegations in Count One.

In support of her objection to the magistrate judge's denial of all of these requests, Ms. Kincaid reiterates that it would be "impossible to formulate a defense and adequately prepare for trial" without additional specificity concerning the government's theories and allegations [Doc. 55 ¶ 6-7]. Thus, she argues, it is necessary that the government provide a bill of particulars. *See United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (stating that "the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise"). This requirement of necessity comports with the purpose of a bill of particulars, which is to serve "as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes," not "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d

4

1369, 1375 (6th Cir. 1993). Notably, "[t]he decision to order a bill of particulars is within the sound discretion of the trial court." *Id.*

Taking each category for which Ms. Kincaid requests particularization in turn, Magistrate Judge Guyton found that particularization as to any of the items for which Ms. Kincaid sought such is "not necessary for the Defendants to understand the charges, to prepare to defend against the charges at trial, or to protect against a future double jeopardy violation" and accordingly denied the corresponding motions [Doc. 136]. In Ms. Kincaid's objection to this ruling, she fails to make any specific objections to Magistrate Judge Guyton's findings and instead relies on the arguments and authority set forth in her original motions.

### 1. Overt Acts

As to the overt acts necessary to prove the charged conspiracies, the magistrate judge correctly found that because the government is not required to charge an overt act in a drug or money laundering conspiracy, "there is no need to particularize an indictment that fails to do so" [Doc. 136]. *See Whitfield v. United States*, 543 U.S. 209, 219 (2005) (finding that "conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy"); *United States v. Bazazpour*, 690 F.3d 796, 802 (6th Cir. 2012) (holding that, in response to an argument that the indictment did not contain an overt act by the defendant, proof of an overt act in furtherance of a money laundering conspiracy is not required to obtain a conviction); *United States v. Dempsey*, 733 F.2d 392, 396 (6th Cir.

5

1984) (holding that "it is not necessary to charge and prove an overt act in a prosecution under 21 U.S.C. § 846"). Moreover, the Court agrees with the magistrate judge that the indictment, coupled with the tens of thousands of discovered documents, provides adequate particularization as to the overt acts alleged so that Ms. Kincaid can prepare for trial. Accordingly, because the Court finds that the magistrate judge's determination on this issue is not "clearly erroneous or contrary to law," the Court affirms his finding that a bill of particulars is not necessary as to the overt acts in furtherance of the alleged conspiracies. 28 U.S.C. § 636(b)(1)(A).

### 2. Identities of Unindicted Co-Conspirators

Ms. Kincaid also asks the Court to require that the government provide the names of all unindicted co-conspirators to the drug and money laundering conspiracies. Yet, the Sixth Circuit has held that it is not essential that the government provide the defendant with the names of his or her co-conspirators prior to trial. *See United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (holding that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars"); *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (stating that "[a]s long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators"). In *Rey*, the Sixth Circuit found that the district court did not abuse its discretion in denying the defendant's motion for a bill of particulars as to his co-conspirator because the defendant knew what he was charged with conspiring to do and the dates involved. *Rey*,

6

923 F.2d at 1222-23. In the instant case, the indictment reveals to Ms. Kincaid what she is charged with conspiring to do, where she is charged with conspiring to do it, and the time period over which the conspiracies are alleged to have occurred. Moreover, as is discussed subsequently, the government is not required to reveal its list of witnesses, which is another way of viewing this request. Thus, the Court finds that Ms. Kincaid does not need the identity of all of her unindicted co-conspirators in order to adequately prepare for trial and therefore affirms the magistrate judge's determination as to the issue, which is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### 3. Dates, Times, and Locations of All Drug Transactions

The indictment in this case provides that the conspiracies involving Ms. Kincaid began in or about May 2009 and continued through about December 14, 2010. The Sixth Circuit has held that an indictment alleging that a conspiracy occurred "[f]rom on or before January 1, 2004, until on or about August 24, 2005" was sufficiently particular and not unconstitutionally vague. *United States v. Vassar*, 346 F. App'x 17, 19 (6th Cir. 2009). In support, the Sixth Circuit noted that courts have found indictments sufficient when they "fix the end of the conspiracy and provide an approximate start date." Additionally, Magistrate Judge Guyton details several ways in which the instant indictment is arguably more specific in providing chronological information than the indictment in *Vassar*. [*See* Doc. 136 at 11-12]. The indictment also specifies various activities that occurred at the Breakthrough Pain Clinic. As a result, the Court finds that Ms. Kincaid is not entitled to a bill of particulars as to the dates, times, and locations of

7

all drug transactions in order to prepare for trial. Thus, the magistrate judge's denial of the motion seeking such was not "clearly erroneous or contrary to law" and is affirmed. 28 U.S.C. § 636(b)(1)(A).

### 4. Types and Amounts of Controlled Substances

In response to Ms. Kincaid's motion seeking this information, the government stated that this information was provided in the discovery given to the defendants and, moreover, that the government "would voluntarily provide the information on the quantities of controlled substances involved in this case without a bill of particulars requiring it to do so" [Doc. 136]. Accordingly, as the magistrate judge concluded, a bill of particulars is not necessary as to this information. Under the circumstances, this determination is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### 5. Amounts and Sources of All Alleged Drug Proceeds

The defendants also ask that the Court order the government to particularize its allegations as to the amounts and sources of all money that is alleged to be the fruit of illegal activity. Because Counts One and Six provide exact minimum amounts that are alleged to have been derived from the defendants' illegal conduct, which is also adequately described, the Court agrees with the Magistrate Judge Guyton's finding that it is not necessary that Ms. Kincaid be provided further particularization in order for her to adequately prepare her defense. Therefore, the Court affirms the magistrate judge's conclusion on this point, finding that it is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

8

### 6. Names and Addresses of Patients, Informants, and Witnesses with Information Relating to the Allegations in Count One

Regarding this request, Magistrate Judge Guyton noted that "[a] witness list is not an appropriate subject of a bill of particulars but is, instead, an attempt to discover the Government's evidence in the case" [Doc. 136]. In fact, the Court of Appeals has stated that "[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). Furthermore, as the magistrate judge properly concluded, because Ms. Kincaid primarily administered the Breakthrough Pain Clinic, she knows the identities of the employees and patients of the clinic and thus is not entitled to a bill of particulars as to this information. *See United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, *United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000) (holding that "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources").

Finally, as Magistrate Judge Guyton pointed out, the government is entitled to withhold the identity of informants in order to encourage citizens to report violations of law. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957) (finding that this "privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation"). In light of these decisions, it is not necessary for the government to provide a bill of particulars as to the names and addresses of all patients, informants, and witnesses, and the Court will therefore affirm the memorandum and

9

order of the magistrate judge on this issue, which was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

In summary, Ms. Kincaid has failed to demonstrate that the magistrate judge's memorandum and order denying her motion for a bill of particulars was "clearly erroneous or contrary to law," as she merely reasserts the arguments advanced before Magistrate Judge Guyton, who thoroughly addressed such. 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court affirms the magistrate judge's memorandum and order as to the issue of whether Ms. Kincaid's case warrants a bill of particulars.

### B. Motion for an *Enright* Hearing

Ms. Kincaid also objects to Magistrate Judge Guyton's denial of her motion requesting that the Court order a pretrial hearing to determine the admissibility of statements by her alleged co-conspirators that she anticipates the government will introduce at trial. This argument is based on Ms. Kincaid's expectation that the government will seek to have such statements provisionally admitted, subject to the government later proving the existence of a conspiracy and that such statements were made during and in furtherance of that conspiracy, which are the requirements for admissibility as non-hearsay under Federal Rule of Evidence 801(d)(2)(E). The problem with provisionally admitting such statements, Ms. Kincaid argues, is that "substantial prejudice is likely to result" and there is a "significant likelihood of a mistrial" because if the statements are admitted and the government fails to subsequently establish Ms. Kincaid's involvement in the conspiracy, "a curative instruction would be insufficient to

10

prevent the prejudice resulting to Ms. Kincaid" [Doc. 57]. The government responds by pointing out that it is the general practice of this Court to provisionally admit such statements, that this practice has not produced adverse effects in the past, and that an *Enright* hearing would be "burdensome, time consuming and uneconomic," in addition to providing the defendants an opportunity to circumvent the rules of pretrial discovery and learn the government's evidence and the identities of the government's witnesses [Doc. 70].

As noted by Magistrate Judge Guyton, the Sixth Circuit has approved three procedures for determining the admissibility of co-conspirator statements under Rule 801(d)(2)(E): (1) holding an *Enright* hearing before trial to determine admissibility; (2) requiring that the government produce the requisite evidence of a conspiracy before admitting the statements; and (3) allowing the government to introduce the statements before actually proving the conspiracy, subject to the defendant's continuing hearsay objection, which the Court must address at the close of the government's case-in-chief. *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979). As the government and the magistrate judge correctly note, "it is the general practice in this district to use the third of these options." *United States v. Thompson*, 3:09-CR-64, 2010 WL 396179, at *1 (E.D. Tenn. Jan. 26, 2010). Moreover, as the magistrate judge further notes, "the Defendants . . . failed to show any specific prejudice arising from the provisional admission option" [Doc. 136].

11

Importantly, Magistrate Judge Guyton also observed that the provisional admission option accounts for the general risk of prejudice to the defendant cited by Ms. Kincaid. *Vinson*, 606 F.2d at 153 (stating that if "the court finds that the government has failed to carry its burden [of demonstrating admissibility], it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice"). So, while the government and defendant dispute whether it is a bigger waste of time and resources to hold an *Enright* hearing on the front end or risk the possibility of a mistrial on the back end, this Court declines to depart from what has been its general practice when confronted with this issue.[2]

In addition, as Magistrate Judge Guyton identified, this Court has previously held that where a defendant offers only "general and vague objections" to the provisional admission option that "demonstrate no specific prejudice[,] . . . . [t]here is . . . no reason why this court should refrain from employing the [provisional admission] method, or any in its choosing." *United States v. Martin*, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008) *aff'd*, 516 F. App'x 433 (6th Cir. 2013). Also applicable to the instant case is this Court's statement in *Martin* that "a mini-hearing would be

---

[2] The Court is vested with this discretion. *See Vinson*, 606 F.2d at 152 (noting that it would be inappropriate for the court to "set forth hard and fast procedures" and that the court instead "set[s] forth alternative means for District Judges to structure conspiracy trials"); *see also United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (stating that the Sixth Circuit has "long recognized the trial court's prerogative to conditionally admit co-conspirator statements 'subject to later demonstration of their admissibility by a preponderance of the evidence'" (quoting *Vinson*, 606 F.2d at 153)).

'burdensome, time-consuming, and uneconomic,' particularly given the many delays already suffered in this case." *Id.* (citation omitted) (quoting *Vinson,* 606 F.2d at 152).

Because Magistrate Judge Guyton properly noted that (1) the preference of this Court is to provisionally admit alleged co-conspirator statements before the government has proven the conspiracy, subject to the Court finding that the government has proven the requisite elements for admissibility by a preponderance of the evidence at the close of the government's proof; (2) that the decision of whether to order an *Enright* hearing is within the sound discretion of the trial judge; and (3) that Ms. Kincaid failed to show any specific prejudice that would result from the provisional admission option, the Court affirms the magistrate judge's denial of Ms. Kincaid's motion for an *Enright* hearing, which was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Finally, as to Ms. Kincaid's related contention that under Federal Rule of Evidence 403, "the probative value, if any, of the co-conspirators' statements at issue is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" [Doc. 57], Magistrate Judge Guyton correctly concluded that this is an issue properly raised and determined in the context of the trial. Accordingly, his finding on this issue was not "clearly erroneous or contrary to law" and is affirmed. 28 U.S.C. § 636(b)(1)(A).

    **C.    Motion to Compel Production of Witness and Exhibit Lists**

Ms. Kincaid also objects to Magistrate Judge Guyton's denial of her motion to compel the government to produce witness and exhibit lists at least thirty days prior to

13

trial. As the magistrate judge discusses, Ms. Kincaid argues that given the large number of potential witnesses and voluminous amount of potential proof, and considering what she asserts to be a lack of a threat to the potential witnesses, such a list is necessary to preserve her constitutional rights to a fair and speedy trial, effective assistance of counsel, and due process. Conversely, the government questions whether the Court even has the power to order the production of such lists, and contends that even if it does, this case does not warrant such an order. Moreover, the government states that the danger of intimidation or harm to its potential witnesses is always present when defendants are not in custody and face the possibility of long prison sentences. As to the sought exhibit list, the government avers that it plans to have an expert testify regarding the seized patient files and that the identity of this expert and a summary of his testimony will be provided to the defendants before trial.[3]

As previously noted, "[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." *Perkins*, 994 F.2d at 1190. Notably, however, the magistrate judge pointed out that the seeming severity of this rule is alleviated by the government's disclosure obligations pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In addition, though the Sixth Circuit once indicated that district courts possess the discretion to order the government to produce a witness list, *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980), it has more recently stated that the discovery expressly allowed by Rule 16 of the Federal Rules of Criminal Procedure is

---

[3] The magistrate judge points out that the government disclosed the identity of this expert on July 30, 2013, and provided a general summary of what his testimony will cover [Doc. 136].

14

exclusive and that Rule 16 "provides no authority for compelling the pre-trial disclosure of *Brady* material, or of any other evidence not specifically mentioned by the rule." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988) (citation omitted). This statement is tempered slightly by the accompanying note offering that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it," but the appellate court implies that invocation of such power is rarely warranted. *Id.* at n.12.

As Magistrate Judge Guyton found, justice does not require the government to disclose its witnesses and exhibits in this case. To this end, he concluded that Ms. Kincaid's stated justification for her motion—the need to prepare for cross-examination—could be raised by any defendant and that the present matter is clearly distinguishable from *United States v. Moss*, No. 02-20165-D/P (W.D. Tenn. June 15, 2005) (Order) [Doc. 52, Exh. 1; Doc. 56, Exh. 2], both in terms of the amount of discovery and the time available for reviewing it. In fact, as the magistrate judge noted, this trial has been continued for over two and one-half years, partly so that Ms. Kincaid could adequately review the discovery and prepare for trial. Also, the government has been ordered to disclose its expert witnesses well in advance of trial.

Further, the Court agrees with the magistrate judge that the supposedly reduced risk of harm to the government's witnesses does not justify an order compelling the government to release their identities. And lastly, the Court affirms the finding of the magistrate judge that Ms. Kincaid and the other defendants have failed to demonstrate a

15

specialized need for an exhibit list that would justify such a leap beyond the normal bounds of pretrial discovery. In summary, the Court finds that Magistrate Judge Guyton's denial of Ms. Kincaid's motion to compel the government to produce witness and exhibit lists was not "clearly erroneous or contrary to law" and therefore affirms his memorandum and order as it relates to this issue. 28 U.S.C. § 636(b)(1)(A).

## IV. Conclusion

For the reasons stated herein, and because Court has reviewed Magistrate Judge Guyton's memorandum and order, the parties' arguments and briefs, and the relevant law and determines that the magistrate judge fully and correctly considered the issues presented by Ms. Kincaid's motions, the Court hereby **AFFIRMS**, to the extent stated herein, the Memorandum and Order of the magistrate judge [Doc. 136] and **DISMISSES** Defendant Sandra Kincaid's Objection to Magistrate Judge's Memorandum and Order Denying All Nondispositive Pretrial Motions [Doc. 138].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE