UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-160-TAV-HBG-1 |
| SANDRA KINCAID, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court has before it defendant's motion to reconsider [Doc. 396] and defendant's related motion for indicative ruling [Doc. 394]. The government has responded [Doc. 394]. Defendant has not replied, and the time to do so has passed. E.D.T.N. LR 7.1(a).

As defendant correctly notes in her motion for indicative ruling [Doc. 394 p. 1], because the Court's denial of defendant's motion for compassionate release is now on appeal in the Sixth Circuit [*Id.*], the Court lacks jurisdiction to decide defendant's motion to reconsider. *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981) ("As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals."). None of the exceptions to this general divestiture of jurisdiction apply to the instant motion to reconsider. *See Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) ("This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." (citations omitted)). While the Court may consider the motion to reconsider under Federal Rule of Criminal Procedure 37(a), the issue of the motion's

timeliness is a preliminary question. Fed. R. Crim. P. 37(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."); *see also United States v. Alqsous*, No. 1:16-cr-329, 2019 WL 4736260, at *2 (N.D. Ohio Sept. 27, 2019) ("[B]efore deciding whether an indicative ruling is warranted, the Court must determine whether Alqsous' motion is timely." (citing Fed. R. Crim. P. 37(a)).

Here, as the government notes [Doc. 398 p. 2], defendant's motion to reconsider was untimely. Motions to reconsider denials of § 3582(c)(2) motions are subject to the same fourteen-day deadline that applies to filing a notice of appeal. *See United States v. Wooley*, No. 16-3925, 2017 WL 3613318, at *2 (6th Cir. Feb. 28, 2017) (upholding district court's finding that defendant's motion to reconsider order denying § 3582(c)(2) motion was untimely where motion was not filed within fourteen-day period for filing a notice of appeal); *see also United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011) ("Only a motion filed within the time for appeal acts as a genuine request for reconsideration."), *and United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011) (similar). And, the Court sees no reason to distinguish between a § 3582(c)(2) motion and a § 3582(c)(1) motion as to the proper time for filing a motion to reconsider. *See United States v. Correa*, 328 F.3d 297, 299 (6th Cir. 2003) ("[A]bsent a rule specifying a different time limit, a petition for rehearing in a criminal case would be considered timely when filed within the original period for review." (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257 (1978)); *see also United States v.*

*Brown*, 817 F.3d 486, 488 (6th Cir. 2016) ("A § 3582(c) motion 'is not a civil post-conviction action, but rather a continuation of a criminal case,'" so "the fourteen-day deadline for filing a notice of appeal in a criminal case applies.").

The Court issued its memorandum and order denying defendant's § 3582(c)(1) motion on October 29, 2019, and defendant filed her motion to reconsider on November 18, 2019. Defendant should have filed her motion to reconsider on or before November 12, 2019. Her filing was thus six (6) days late. The motion to reconsider is therefore untimely.

Because the motion is untimely, Rule 37 does not apply, and the Court lacks jurisdiction to decide the motion.[1] The government argues [Doc. 398 p. 3] that defendant's untimeliness provides a basis for the Court to deny defendant's motion to reconsider, but the Court finds that dismissal of the motion is proper because it lacks jurisdiction to rule on the motion. *See United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016) (finding district

---

[1] The Court notes that even if it did have jurisdiction to decide the motion to reconsider, it would deny the motion. Although the Federal Rules of Criminal Procedure do not provide for motions to reconsider, courts traditionally treat motions to reconsider in criminal cases like motions in civil suits. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75 (1964)). Defendant does not cite an applicable rule, but "[a] postjudgment motion will be construed under Rule 59(e) when it 'involves "reconsideration of matters properly encompassed in a decision on the merits."'" *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 833 (6th Cir. 2019) (citations omitted). The court's denial of defendant's § 3582(c)(1) motion represented a decision on the merits, so application of Federal Rule of Civil Procedure 59(e) is proper, and defendant satisfied the deadline for a 59(e) motion by filing the motion to reconsider within twenty-eight (28) days of the denial order. Fed. R. Civ. P. 59(e); *see also supra* p. 3. A party may move to "alter or amend a judgment" under 59(e) on the basis of any of four reasons: "(1) there was 'a clear error of law' in the judgment, (2) the movant has 'newly discovered evidence,' (3) there has been an 'intervening change in controlling law,' or (4) the alteration or amendment is needed 'to prevent manifest injustice.'" *Cont'l Cas. Co.*, 941 F.3d at 833. Defendant appears to argue that the Court made a clear error of law in the judgment by relying improperly on the length of time the defendant has served in denying the motion for compassionate release [Doc. 396 p. 1]. However, defendant misreads the Court's decision, which considered the length of time served only as a barometer to measure whether granting defendant early release would "reflect the seriousness of the offense, promote respect for the law, and provide just punishment"; these are relevant § 3553(a) factors, which the statute directs the Court to consider "to the extent they are applicable." § 18 U.S.C. § 3582(c)(1)(A). In addition to considering the aforementioned factors, the Court also considered the other § 3553(a) factors, namely the nature and circumstances of the offense, the defendant's history and characteristics, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct [Doc. 388 p. 11–15]. The Court's finding that the § 3553(a) factors were applicable and that, taken together, they "militate[d] against" relief [*Id.* at 11] does not constitute a clear error of law.

court should have dismissed, rather than denied, second § 3582(c)(2) motion, construed as motion to reconsider and deemed to be untimely under R. 37(a), because "[b]efore a district court may exercise jurisdiction under Fed. R. Crim. P. 37—and effectively sidestep the rule that a notice of appeal divests it of jurisdiction as to matters pending on appeal—the motion for relief must be timely.").

Accordingly, the motion to reconsider [Doc. 396] is **DENIED**. As the government suggests [Doc. 398 p. 3], this ruling renders moot defendant's motion for an indicative ruling. Fed. R. Crim. P. 37(a); *cf. Alqsous*, 2019 WL 4736260, at *2 ("Because Alqsous has failed to identify the existence of newly discovered evidence, his latest post-trial motion for a new trial is untimely and he is not entitled to an indicative ruling under Fed. R. Crim. P. 37."). The motion for an indicative ruling [Doc. 394] is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE