UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:10-CR-160-TAV-HBG-1 |
| | ) | 3:17-CV-160-TAV-HBG |
| SANDRA KINCAID, | ) | |
| Defendant. | ) | |

## ORDER

This criminal case is before the Court on a motion defense counsel seeking to dismiss the emergency motion to re-open compassionate release due to defendant's death [3:10-CR-160-TAV-HBG-1, Doc. 419]. The motion [Doc. 419] is **GRANTED** in that the Court will **DENY as moot** defendant's motion to re-open compassionate release [3:10-CR-160-TAV-HBG-1, Doc. 421].

The Court also notes that a motion to vacate under 28 U.S.C. § 2255 is pending in the criminal case [3:10-CR-160-TAV-HBG-1, Doc. 336] and a pro se motion for extension of time to file response/reply [3:17-CV-160-TAV-HBG, Doc. 23] is pending in the related civil case [3:17-CV-160-TAV-HBG, Doc. 1]. Section 2255 permits "[a] person in custody under sentence of Court [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." Yet, Article III of the Constitution limits federal court jurisdiction to adjudication of "actual, ongoing '[c]ases' and '[c]ontroversies.'" *Keitel v. Mazurkiewicz*, 729 F.3d 278, 279 (3d Cir. 2013) (quoting U.S. Ctonst. Art. III, § 2, cl. 1). Accordingly, because the death of an inmate means she

is no longer "in custody" within the meaning of § 2255, *cf. id.* at 280, death "during the pendency of [her] habeas petition renders the action moot and deprives the Court of jurisdiction." *See Rosa v. Rewerts*, No. 1:18-cv-940, 2020 WL 132374 (W.D. Mich. Jan. 13, 2020) (collecting cases); *see also Beach v. Humphries*, 914 F.2d 1494, 1990 WL 140574, at *1 (6th Cir. Sept. 21, 1990) (Table) (holding that "[b]ecause this appeal involves a request for habeas relief, the death of the petitioner renders the appeal moot" and ordering appeal dismissed for lack of jurisdiction).

In light of defendant Kincaid's death, the Court will **DENY as moot** defendant's motion to vacate and motion for extension of time [3:10-CR-160-TAV-HBG-1, Doc. 336; 3:17-CV-160-TAV-HBG, Doc. 23] and dismiss the habeas action, Case No. 3:17-CV-160-TAV-HBG, for lack of jurisdiction. The Clerk of Court is **DIRECTED** to close the civil case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE